UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RYAN NEVELS                                                                                                                      PLAINTIFF

V.                                              CIVIL ACTION NO. 3:25-CV-242-KHJ-MTP

TRELLEBORG PIPE SEALS                                                         DEFENDANTS
MILFORD, INC., et al.

ORDER

Before the Court is Plaintiff Ryan Nevels' [13] Motion to Remand. *See also* Intervenor Travelers Indemnity Company's [17] Joinder. The Court grants the motion and remands this case to the Hinds County Circuit Court.

I.     Background

This case arises from an accident involving a drilling machine. Compl. [1-1] ¶ 10. And Nevels' motion turns on whether Defendant Trelleborg AB—a Swedish company—timely removed this case "pursuant to 28 U.S.C. § 1446(b)(1)." Trelleborg AB's Mem. [22] at 1–2. So the Court briefly lays out a timeline of relevant events.

In June 2023, Nevels sued in state court. [1-1]. He named four Defendants: Trelleborg Pipe Seals Milford, Inc. (TPSM), Trelleborg AB, NPC Acquisition Corp., and MMC Materials, Inc. (MMC). *Id.* ¶¶ 1–5. Nevels and MMC are Mississippi citizens; TPSM, Trelleborg AB, and NPC Acquisition Corp. are not. *See id.*

TPSM removed in August 2023, arguing that MMC was improperly joined. First Notice of Removal [17-2] at 4–17. Nevels moved to remand. First Mot. to Remand [17-3]. While that motion was pending, in February 2024, Nevels served

Trelleborg AB by mail sent by the clerk. *See* Acknowledgment [21-1] (showing that clerk addressed and sent mail, which required a return receipt, to Trelleborg AB). A week later, the Court remanded the case. Order, *Nevels v. Trelleborg Pipe Seals Milford, Inc.*, No. 3:23-CV-501 (S.D. Miss. Feb. 22, 2024), ECF No. 23.

In March 2024, Trelleborg AB specially appeared in state court, moving to dismiss based on improper service of process. State Ct. R. Part 1 [12] at 186–88, 204–07; State Ct. R. Part 2 [12-1] at 42–43. Trelleborg AB's motion to dismiss was never ruled on. *See, e.g.*, [12] at 2–9. And so, to be safe, Nevels kept trying to serve Trelleborg AB via other means. *See, e.g.*, [12-1] at 143–45.

In November 2024, MMC was dismissed. Agreed Order [1-2].

According to Trelleborg AB, it finally "was properly served with process and the Complaint in accordance with the Hague Convention on March 9, 2025." [22] at 3. Trelleborg AB thus filed its [1] Notice of Removal on April 7, 2025. [1]. It submitted that the [1] Notice of Removal was "timely under 28 U.S.C. § 1446(b)(1) and (2)(A) . . . ." *Id.* ¶ 25.

Nevels then moved to remand, requesting costs and expenses. [13]. Travelers joined that motion, also requesting costs and expenses. [17]. Nevels mainly argued that he properly served Trelleborg AB in February 2024 under Article 10(a) of the Hague Service Convention and Federal Rules of Civil Procedure 4(f)(2)(C)(ii) and 4(h)(2), making removal untimely. *See* Nevels' Mem. [14] at 4–6; *see also* Travelers' Mem. [18] at 3–4. Trelleborg AB responded that the February 2024 service was improper, so removal was timely "pursuant to 28 U.S.C. § 1446(b)(1)." [22] at 1–2.

II.     Standard

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

On timely motion, the Court may remand based on an untimely notice of removal. *See* 28 U.S.C. § 1447(c); *T.H. Inc. v. 6218 Invs.*, 41 F.3d 235, 237 (5th Cir. 1995).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In deciding whether to award costs and expenses, the Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

III.    Analysis

The motion to remand hinges on when Trelleborg AB was "properly served with the initial Complaint filed in this action." [22] at 1. The Court first addresses service, then timeliness, and then the requests for costs and expenses.

A. Service

Trelleborg AB was properly served by mail in February 2024.

"[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017) (citing *Brockmeyer v. May*, 383 F.3d 798, 803–04 (9th Cir. 2004)).

Both conditions are met here. First, Sweden has not objected to service by mail. *E.g.*, *Sweden – Central Authority & Practical Information*, Hague Conf. on Priv. Int'l L. (Apr. 22, 2021), https://www.hcch.net/en/states/authorities/details3/?aid=275 [https://perma.cc/8ZCS-TU8E]. And second, otherwise-applicable law—Federal Rules of Civil Procedure 4(f)(2)(C)(ii) and 4(h)(2)—authorized service by "mail that the clerk addresse[d] and sen[t] to [Trelleborg AB] and that require[d] a signed receipt . . . ." Fed. R. Civ. P. 4(f)(2)(C)(ii), 4(h)(2); *see also Brockmeyer*, 383 F.3d at 803–04 (looking to Federal Rules of Civil Procedure 4(f) and 4(h)(2) to determine whether otherwise-applicable law authorized service by mail). So Trelleborg AB was properly served by mail in February 2024.

Trelleborg AB offers three responses. First, it asserts that the Convention "required" service through Sweden's central authority. [22] at 9–10. But "a request to a central authority is not . . . the only method of service approved by the Convention"; as relevant here, "Article 10(a) encompasses service by mail." *Water Splash*, 581 U.S. at 275, 284. Second, Trelleborg AB argues that documents served

4

on a Swedish company must be translated into Swedish. *See* [22] at 2, 9 (citing Decl./Rsrv./Notification [21-2]). But that requirement only applies to documents served under Article 5(1), *see* [21-2], and "Article 5, by its terms, pertains only to service by the Central Authority or designated agency and imposes no translation requirements on service under Article 10." *Lafarge Corp. v. M/V Macedonia Hellas*, No. 2:99-CV-2648, 2000 WL 687708, at *12 (E.D. La. May 24, 2000); *see also, e.g.*, *Brown v. Bandai Am., Inc.*, No. 3:01-CV-442, 2002 WL 1285265, at *5 n.7 (N.D. Tex. June 4, 2002) (collecting cases).[1] And third, Trelleborg AB argues that the person who signed for the service documents was not "authorized to accept service." [22] at 10. But the record shows that Trelleborg AB was properly served under Federal Rules of Civil Procedure 4(f)(2)(C)(ii) and 4(h)(2), and the Court is satisfied that the method of service was reasonably calculated to provide Trelleborg AB with notice. *See Monaghan v. NCL (Bahamas) Ltd.*, No. 1:13-CV-20816, 2013 WL 12148555, at *1 (S.D. Fla. Aug. 26, 2013); [21-1] (showing that the clerk addressed and sent mail, which required a return receipt, to Trelleborg AB).

In short, the Court concludes that Trelleborg AB was properly served by mail in February 2024.

B. Timeliness

That makes removal untimely. Trelleborg AB removed solely "pursuant to 28 U.S.C. § 1446(b)(1)." [22] at 1. Because Trelleborg was properly served in February

---

[1] Although Rule 4(f) and due process may require translation in some cases, Trelleborg AB "clearly received notice and has not claimed an inability to understand the summons and complaint." *Lafarge Corp.*, 2000 WL 687708, at *12.

2024, its April 2025 notice of removal was untimely. *See* 28 U.S.C. § 1446(b)(1). So the Court remands this case to the Hinds County Circuit Court. *See id.* § 1447(c); *T.H. Inc.*, 41 F.3d at 237.

    C. Costs and Expenses

But the Court declines to award costs and expenses. Although removal was improper, Trelleborg AB had objectively reasonable grounds to believe otherwise. *Valdes*, 199 F.3d at 293. The procedural posture of this case is unusually complex, and both sides' briefing wrestled with unusually complicated legal issues, without the benefit of binding precedent addressing some of them. *See id.* at 293 & n.4 (permitting courts to consider the complexity and uncertainty of the issues). So the Court declines to award costs and expenses here.

IV.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Nevels' [13] Motion to Remand and REMANDS this case to the Hinds County Circuit Court.

SO ORDERED, this 25th day of June, 2025.

                                              s/ *Kristi H. Johnson*
                                              UNITED STATES DISTRICT JUDGE